UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SEAN M. MURRAY,

        Plaintiff,

v.

JP MORGAN CHASE BANK, N.A., et al.,

        Defendants.

Case No: 1:18-cv-02468-LDH-JO

---

### DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
### ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, files its Answer and Defenses to Plaintiff's Complaint ("Complaint") as follows:

### PRELIMINARY STATEMENT

In answering the Complaint, Equifax states that it is responding to allegations on behalf of itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

### ANSWER

In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax admits that Plaintiff purports to bring a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Equifax denies that it violated the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.

2. To the extent Plaintiff has properly alleged her claims, Equifax admits the Court

may exercise its jurisdiction.

3. Equifax admits that it transacts business throughout the State of New York. Equifax is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3.

4. Equifax states that the holding of the Supreme Court in *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540 (2016) speaks for itself and to the extent Plaintiff misquotes, misstates, misrepresents, and/or mischaracterizes the holding of the Supreme Court in *Spokeo*, the allegations in Paragraph 26 are denied.

5. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

6. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

7. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

8. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

9. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

10. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

11. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

12. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

13. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

14. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

15. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

16. Equifax states that the FCRA speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the FCRA the allegations are denied.

17. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19.

20. Equifax admits the allegations in Paragraph 20 as they pertain to Equifax.

21. Equifax admits the allegations in Paragraph 21 as they pertain to Equifax.

22. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Equifax is without knowledge or information sufficient to form a belief as to the

truth of the allegations in Paragraph 30.

31. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31.

32. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34.

35. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37.

38. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38.

39. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39.

40. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40

41. Equifax denies that it received a dispute from Plaintiff in January 2017, but admits that it received a dispute from Plaintiff or someone acting on his behalf in February 2017.

The dispute received by Equifax speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the dispute those allegations are denied.

42. Equifax states that Paragraph 42 is a pleading fragment because Plaintiff does not identify the "Defendant" to which he is referring. Equifax denies that it provided notice of Plaintiff's disputes to all defendants, but admits that it sent notice to at least one defendant.

43. Equifax admits that it sent the results of its reinvestigation to Plaintiff. The reinvestigation results speak for themselves and to the extent that Plaintiff misstates, misquotes mischaracterizes or takes out of context the contents of the reinvestigation results those allegations are denied.

44. Equifax denies the allegations in Paragraph 44 as they pertain to Equifax.

45. Equifax denies the allegations in Paragraph 45 as they pertain to Equifax.

46. Equifax admits the allegations in Paragraph 46 as they pertain to Equifax.

47. Equifax admits the allegations in Paragraph 47 as they pertain to Equifax.

48. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48.

49. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49.

50. Equifax denies the allegations in Paragraph 50.

51. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 50.

52. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52.

53. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53.

54. Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54.

55. Equifax denies the allegations in Paragraph 55.

56. Equifax denies the allegations in Paragraph 56.

57. Equifax denies the allegations in Paragraph 57.

58. Equifax denies the allegations in Paragraph 58.

59. Equifax reasserts and re-alleges its responses and defenses as set forth above in Paragraphs 1 through 58.

60. Equifax denies the allegations in Paragraph 60.

61. Equifax denies the allegations in Paragraph 61.

62. Equifax denies the allegations in Paragraph 62.

63. Equifax denies the allegations in Paragraph 63.

64. Equifax denies the allegations in Paragraph 64.

65. Equifax denies the allegations in Paragraph 65.

66. Equifax admits Plaintiff demands a trial by jury.

67. Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## **DEFENSES**

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax pleads the following defenses to the Complaint:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Equifax upon which relief can be granted.

**SECOND DEFENSE**

At all pertinent times, Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports.

**THIRD DEFENSE**

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

**FOURTH DEFENSE**

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

**FIFTH DEFENSE**

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of his failure to mitigate alleged losses.

**SIXTH DEFENSE**

Plaintiff cannot meet the requirements of 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

**SEVENTH DEFENSE**

Equifax adopts by reference the defenses, criteria, limitations, standards and

constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003), and *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

Equifax reserves the right to assert additional defenses that it learns through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) Equifax be dismissed as a party to this action;

(3) Equifax recover such other and additional relief as the Court deems just and appropriate.

Dated: June 15, 2018.

>
> */s/ Jonathan D. Klein*
> Jonathan D. Klein
> CLARK HILL PLC
> 830 Third Avenue
> Suite 200
> New York, NY 10022
> Tel. (646) 395-8580
>
> One Commerce Square
> 2005 Market Street, Suite 1000
> Philadelphia, Pennsylvania 19103
> Tel. (215) 640-8500
> Email: jklein@clarkhill.com
> *Counsel for Defendant Equifax Information Services LLC*

## **CERTIFICATE OF SERVICE**

       This is to certify that I have this day served counsel for all parties by electronically filing a true and correct copy of the foregoing with the Clerk of the Court using the ECF system upon:

Sean M. Murray,
PO Box 1110
Albany, NY 12201

Camille Renee Nicodemus
Cory E. Emmons
Schuckit & Associates PC
4545 Northwestern Drive
Zionsville, IN 46077

       This 15th day of June, 2018.

                                                     */s/ Jonathan D. Klein*
                                                     Jonathan D. Klein